Elias Hyatt et al. *v.* Southern Railway Company.

[41 South. Rep., 3.]

Railroads. *Employe. Death. Negligence.*

A railway company is not liable for the death of a fireman who fell from the tender of his locomotive and was killed while the engineer was negligently running the engine at a high rate of speed over a rough piece of track.

From the circuit court of Lowndes county.

Hon. Eugene O. Sykes, Judge.

Hyatt and others, appellants, were plaintiffs in the court below; the railway company, the appellee, was defendant there. From a judgment sustaining a demurrer to the declaration and dismissing the suit, no application to amend being made, the plaintiffs appealed to the supreme court.

The appellants, the father and mother and brothers and sisters of Edmund Hyatt, deceased, brought suit for the killing by the appellee of the said Edmund, who was a fireman on an engine of the appellee, and was killed while in the discharge of his duty as fireman. The declaration alleges "that said Edmund, while engaged in his duty, under the command and authority and control of the conductor and engineer, each of them being his superior officer, with the right to control and direct his services, the engineer running his engine and tender at an unusual, dangerous and high rate of speed, and the roadbed being very much out of order, rough, uneven, and in very much neglected condition, it so jarred, jerked, and threw the tender that the said Edmund was suddenly and without warning precipitated in between the engine and tender, the said Edmund was so bruised, mangled and mashed by the fall, and car wheels and trucks and machinery, that six days thereafter he died from the effects of said wounds."

*J. A. Orr,* for appellant.

The form of declaration is under sec. 671 of the code. It contains a statement of the facts constituting a cause of action, in ordinary and concise language, without repetition. True, it is alleged that the conductor and engineer were the superior officers, with the right to control and direct the services of Edmund Hyatt, the dead fireman, and that they were guilty of gross misconduct in letting the engine get out of water, and running the engine and tender at a dangerous and high rate of speed, but all the allegations were merely explanatory of the real cause of damage and death; and that the roadbed was very much out of order, rough, uneven and in a most neglected condition, so much so that it (the defective roadbed) jarred and jerked and threw the tender so violently that the said Edmund was suddenly and without warning precipitated between the engine and tender, and so bruised, mangled and mashed by the fall and car wheels, brakes and machinery, that six days thereafter he died from the effects of the wounds.

The only fair and proper construction of the entire declaration is that the death of Hyatt was caused by the defect in the road bed. All the other allegations constitute a concise statement of facts which led to the main and only cause of the death. The lack of water; the order of the conductor to back the train; the speed of the train; the right of the conductor to control the services of the fireman, were parts of the transaction, showing the rightful position and conduct of the dead fireman, and of his being in the strict line of his duty. Every averment is a rational, reasonable explanation of the main facts as to the death having been caused by a defective way, and that brings us exactly within the words of the first section of chapter 65, Laws 1898, page 83.

*Catchings & Catchings,* for appellee.

The declaration very clearly, we submit, makes the claim of plaintiffs depend upon the negligence and carelessness of the

conductor and engineer, as well as upon the defective roadbed. All of these things together constitute the cause of action set out, and they cannot be separated.    In the case of *Bussey* v. *Railroad Co.,* 79 Miss., 608 (s.c., 31 South. Rep., 212), it was expressly held that sec. 663 of the code of 1892, as enlarged in chapter 65 of the Laws of 1898, relates to causes of action aside from the constitution, to liability under the general laws of negligence, and in no way whatever to causes of action for injuries inflicted by fellow servants.

It is not alleged that the condition of the roadbed produced the accident, but that it was produced by the fact that the engineer ran his engine and tender over this roadbed at an unusually dangerous and high rate of speed.    In other words, the true construction of the declaration is that the injuries resulted from the action of the engineer in running his engine and tender at an unusually dangerous and high rate of speed over a bad roadbed. This being so, under the decisions of this court a suit can only be maintained by the legal representatives.

MAYES, J., delivered the opinion of the court.

When the declaration is carefully analyzed, it will be seen that the suit is based solely upon the alleged negligence of the engineer in running his engine and tender over a rough roadbed at an unusual, dangerous and high rate of speed.    A great deal more is said in the declaration, but the negligence and carelessness of the engineer in running his engine and tender over a rough and bad road at an unusual, dangerous and high rate of speed constitutes the sole cause of action.

*Under the case as made by the declaration, no cause of liability is shown on the part of appellee, and, the judgment of the court below in sustaining the demurrer and dismissing the suit being correct, the case is affirmed.*